# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | |
|---|---|
| SAMUEL A. DAWES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV412-247 |
| ) | |
| PATRICK R. DONOHOE, ) | |
| POSTMASTER GENERAL, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, plaintiff Samuel A. Dawes sought leave to file this employment-discrimination case without prepayment of the Court's filing fee. Doc. 2. The Court granted him leave to proceed *in forma pauperis* conditioned on his payment of half the Court's $350 filing fee. Doc. 3. He has since paid that fee, so the Court will screen his case to determine whether it should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) for failure to state a claim. *See Abram-Adams v. Citigroup, Inc.*, 2012 WL 4901166 at *1 (11th Cir. Oct. 16, 2012) (affirming *sua sponte* dismissal of Title VII complaint "as untimely and therefore frivolous under 28 U.S.C. § 1915(e)(2)(B)."); *Selensky v. Alabama*, 446 F. App'x 213, 213 (11th Cir.

2011).

Plaintiff has been a United States Postal Service (USPS) employee since 1998. Doc. 1 at 3. He alleges that he successfully passed "Maintenance Exams" and interviews for a promotion in 2009 but was rejected because of a warning letter in his file that, after he protested (the letter's author had not been truthful), "was reduced to an official discussion. . . ." *Id.* at 4. So, "it should not have been used to prevent [Dawes] from getting the promotion." *Id.* "With all those facts presented to the selecting official (Eric Keith) prior to the promotion date . . . I was still denied the promotion based on these [sic] same misleading information." *Id.* He seeks damages. *Id.*

Title VII makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, . . . sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The inquiry is "whether the defendant intentionally discriminated against the plaintiff." *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711,

715 (1983) (quotes and cite omitted).

To establish a prima facie case of discrimination under Title VII, a plaintiff must show: (1) he is a member of a protected class; (2) he sought and was qualified for the position in question; (3) he suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably, and he was qualified to do the job. *Burke-Fowler v. Orange County*, 447 F.3d 1319, 1323 (11th Cir. 2006); *Manora v. Donahoe*, 439 F. App'x 352, 355 (5th Cir. 2011). After evidence is adduced and sifted through a burden-shifting process, courts determine whether the "intentional discrimination" noted by *Aikens* actually occurred.

Dawes fundamentally misunderstands the nature of Title VII claims. He evidently feels that because he was treated unfairly, he can sue the USPS under Title VII. But as noted above, a Title VII plaintiff must show someone similarly situated, outside of his class, who was treated more favorably, and so on. Then the court evaluates the employer's reasons for the adverse action (the discharge, failure to promote, etc.) to determine whether Title-VII violating discrimination

3

(as opposed to generic unfairness) actually occurred. *See, e.g., Manora*, 439 F. App'x at 357-58 (USPS' reasons for not reselecting African-American employee as an audit manager in competitive reselection process, which were based upon employee's allegedly passive and standoffish management style and selected candidates' allegedly superior qualifications, were not pretext for race and sex discrimination under Title VII; selected candidates were capable auditors with sufficient experience, education, and certifications).

Dawes has not even pled the basic foundation facts to establish a Title VII claim here -- he does not even mention any other employee, much less a similarly situated employee from outside his class who was treated better. His case therefore must be dismissed on those grounds alone. It also must be dismissed because the claim he presents here (general unfair treatment) is *not* what he presented in the administrative exhaustion process (i.e., that he was denied promotion in retaliation for his "past EEO activity," doc. 1 at 17). His unfair-treatment claim is wholly distinct and cannot have been expected to grow out of his initial, retaliation charge. *See, e.g., Richardson v. JM*

*Smith Corp.*, 473 F. Supp. 2d 1317, 1331 (M.D. Ga. 2007) (declining to permit plaintiff to bring unexhausted claim of religious discrimination that was never presented to the EEOC); see also *Enwonwu v. Fulton-DeKalb Hosp. Auth.*, 286 F. App'x 586, 600 (11th Cir. 2008) (claim of racial and national origin discrimination could not have been reasonably expected to grow out of an EEOC disability charge); *Scott v. Kindred Hosps. Ltd.*, 2006 WL 2523093 at *2-3 (N.D. Ga. Aug. 28, 2006) (dismissing claim for racial discrimination as unexhausted where plaintiff had only alleged age and disability discrimination in her EEOC charge).

Accordingly, the Court should **DISMISS** Samuel A. Dawes' complaint.

**SO REPORTED AND RECOMMENDED** this 29th day of October, 2012.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**